**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) THIS DOCUMENT RELATES TO: ) ) *Big Bend Community Based Care, Inc., et al. v. Purdue Pharma, L.P., et al.* ) ) Case No. 1:18-op-45493-DAP ) ) ) | MDL 2804 **Case No. 1:17-md-2804** Judge Dan Aaron Polster **SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Doc. ##: 513, 514,[1] and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

---

[1] Docket #: 513 is the redacted Summit Second Amended Complaint and Docket #: 514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #: 24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiffs' Existing Complaint (No. 01-op-45493, Doc. #:1) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiffs assert claims against the following Defendants:

Purdue Pharma, L.P., Purdue Pharma, Inc., The Purdue Frederick Company, Endo Pharmaceuticals, Inc., Endo Health Solutions Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson, Cephalon, Inc., Teva Pharmaceutical Industries, Ltd., Teva Pharmaceutical USA, Inc., Allergan Plc, Watson Laboratories, Inc., Actavis Pharma, Inc., Actavis LLC, Actavis Plc, Actavis, Inc., Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc., Mallinckrodt, Plc and Mallinckrodt, LLC, Insys Therapuetics, Inc., Mckesson Corporation, And Cardinal Health, Inc., John And Jane Does 1 through 100, **AmerisourceBergen Drug Corporation**, **Anda, Inc., Associated Pharmacies, Inc., CVS Health Corporation, The Harvard Drug Group, LLC, H. D. Smith, LLC, Omnicare Distribution Center LLC, Publix Super Markets, Inc.**, **River City Pharma, Smith Drug Company a/k/a J M Smith Corporation, Walgreens Boots Alliance, Inc., Walmart, Inc., Winn-Dixie Logistics, LLC, Amneal Pharmaceuticals, LLC, Ethex Corporation, Indivior Inc., Mylan Pharmaceuticals, Inc., Par Pharmaceutical, Inc., Rhodes Pharmaceuticals L.P., Rhodes Technology, Inc., Sandoz, Inc., SpecGx LLC, and West-Ward Pharmaceuticals Corporation.**

I, <u>Christopher B. Hood</u>, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).

I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.

I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.

The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed: <u>N/A</u>

**Dated:** <u>March 16, 2019</u>  **Signed:** <u>*/s/ Christopher B. Hood*</u>

Factual Allegations Regarding Individual Defendants

2.1  Defendants, **AmerisourceBergen Drug Corporation**, Anda, Inc., Associated Pharmacies, Inc., CVS Health Corporation, The Harvard Drug Group, LLC, H. D. Smith, LLC, Omnicare Distribution Center LLC, Publix Super Markets, Inc., River City Pharma, Smith Drug Company a/k/a J M Smith Corporation, Walgreens Boots Alliance, Inc., Walmart, Inc., Winn-Dixie Logistics, LLC, Amneal Pharmaceuticals, LLC, Ethex Corporation, Indivior Inc., Mylan Pharmaceuticals, Inc., Par Pharmaceutical, Inc., Rhodes Pharmaceuticals L.P., Rhodes Technology, Inc., Sandoz, Inc., SpecGx LLC, and West-Ward Pharmaceuticals Corporation, are hereby added as defendant by this pleading based on the following jurisdictional allegations:

2.2  Defendant **AmerisourceBergen Drug Corporation** ("AmerisourceBergen") is a wholesaler of pharmaceutical drugs that distributes opioids throughout the country. AmerisourceBergen is a Delaware corporation with its principal place of business in Chesterbrook, Pennsylvania. At all times relevant to this Complaint, AmerisourceBergen

distributed prescription opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.3 Defendant **Anda, Inc.**, ("Anda") through its various DEA registrant subsidiaries and affiliated entities, including but not limited to, Anda Pharmaceuticals, Inc., is the fourth largest distributor of generic pharmaceuticals in the United States. Anda is a Florida corporation with its principal place of business in Weston, Florida. In October 2016, Defendant Teva acquired Anda from Allergan plc (i.e. Defendant Actavis), for $500 million in cash. At all times relevant to this Complaint, Anda distributed prescription opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.4 Defendant **Associated Pharmacies, Inc.** ("Associated Pharmacies") is an Alabama corporation with its principal place of business in Alabama. Associated Pharmacies is registered to conduct business and/or conducts business in Plaintiffs' communities as a licensed wholesale pharmaceutical distributor. At all times relevant to this Complaint, Associated Pharmacies distributed prescription opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because

defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.5     Defendant **CVS Health Corporation** is a Delaware corporation with its principal place of business in Rhode Island. CVS Health Corporation conducts business as a licensed wholesale distributor under the following named business entities: CVS Indiana, L.L.C.; CVS Orlando FL Distribution; CVS Pharmacy, Inc.; CVS RX Services, Inc, d/b/a CVS Pharmacy Distribution Center; CVS TN Distribution, LLC; and CVS VERO FL Distribution, L.L.C (collectively "CVS"). CVS is registered to conduct business and/or conducts business in Plaintiffs' communities as a licensed wholesale pharmaceutical Distributor. At all times relevant to this Complaint, CVS distributed prescription opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.6     Defendant **The Harvard Drug Group, LLC,** is a Michigan limited liability company with its principal office located in Plymouth, Michigan. At all times relevant to this Complaint, The Harvard Drug Group, LLC distributed opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.7     Defendant **H. D. Smith, LLC** f/k/a H. D. Smith Wholesale Drug Co. ("H. D. Smith") through its various DEA registered subsidiaries and affiliated entities, is a wholesaler of pharmaceutical drugs that distributes opioids throughout the United States, including Florida and the communities served by Plaintiffs. H. D. Smith is a privately held independent pharmaceuticals distributor of wholesale brand, generic and specialty pharmaceuticals and is a Delaware corporation with its principal place of business in Illinois. H. D. Smith, LLC's sole member is H. D. Smith Holdings, LLC, and its sole member is H. D. Smith Holding Company, a Delaware corporation with its principal place of business in Illinois. H. D. Smith is the largest independent wholesaler in the United States. In January 2018, Defendant AmerisourceBergen acquired H. D. Smith. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.8     Defendant **Omnicare Distribution Center LLC** ("Omnicare") is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Omnicare is a wholesale distributor of pharmaceutical drugs. At all times relevant to this Complaint, Omnicare distributed opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.9     Defendant **Publix Super Markets, Inc.** ("Publix") is a Florida corporation with its principal place of business in Lakeland, Florida. Defendant Publix is registered to conduct

business and/or conducts business in Plaintiffs' communities as a licensed wholesale pharmaceutical distributor under the following named business entities: Publix Food and Pharmacy, Publix Pharmacy. At all times relevant to this Complaint, Publix distributed opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.10 Defendant **River City Pharma** is an Ohio limited liability company headquartered in Mason, Ohio. At all times relevant to this Complaint, River City Pharma distributed opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.11 Defendant **Smith Drug Company** a/k/a J M Smith Corporation ("Smith Drug"), is a South Carolina corporation with its principal office located in Spartanburg, South Carolina, doing business as Smith Drug Company. Smith Drug Company is a division of J M Smith Corporation responsible for operating J M Smith Corporation's pharmaceutical distribution business. At all times relevant to this Complaint, Smith Drug distributed opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of

Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.12 Defendant **Walgreens Boots Alliance, Inc.**, is a Delaware corporation with its principal place of business in Illinois. Walgreens Boots Alliance Inc. is registered to conduct business and/or conducts business in Plaintiffs' communities as a licensed wholesale distributor under the following named business entities: Walgreen Co.; Walgreen Eastern Co., Inc.; Walgreen National Corporation; Walgreen Pharmacy Services Midwest, LLC (collectively "Walgreens"). At all times relevant to this Complaint, Walgreens distributed opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.13 Defendant **Walmart, Inc.** ("Walmart") formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart is registered to conduct business in Plaintiffs' communities as a licensed wholesale distributor. At all times relevant to this Complaint, Walmart distributed opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.14     Defendant **Winn-Dixie Logistics, LLC** ("Winn-Dixie") is a limited liability company with its principal place of business located at 8928 Prominence Parkway, #200, Jacksonville, Florida 32256. Winn-Dixie is registered to conduct business and/or conducts business in Plaintiffs' communities as a licensed wholesale pharmaceutical distributor. At all times relevant to this Complaint, Winn-Dixie distributed opioids, throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.15     Defendant **Amneal Pharmaceuticals, LLC** ("Amneal") is a Delaware limited liability company with its principal place of in New Jersey. At all relevant times, Amneal has sold prescription drugs including opioids across the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to one or more of the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.16     Defendant **Ethex Corporation** ("Ethex") was a wholly owned subsidiary of KV Pharmaceutical k/n/a AMAG Pharma USA, Inc., a Delaware corporation previously headquartered in St. Louis, Missouri, and currently headquartered in Waltham, Massachusetts. At all relevant times, Ethex manufactured, promoted, distributed, and/or sold opioids throughout Plaintiffs' Communities. This Court has subject matter jurisdiction over the claims

against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.17    Defendant **Indivior Inc.** ("Indivior") is a Delaware corporation and wholly-owned subsidiary of Indivior Plc with offices located at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia. Defendant Indivior manufactures, markets, sells, and distributes pharmaceutical drugs, including opioids, across the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.18    Defendant **Mylan Pharmaceuticals, Inc.** is a Pennsylvania corporation with its principal place of business located in Canonsburg, Pennsylvania. Mylan conducts its pharmaceutical business operations through various entities, including Mylan Specialty, L.P. and Mylan Pharms, Inc. (collectively "Mylan"). Defendant manufactures, promotes, markets, distributes and sells opioids across the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.19    Defendant **Par Pharmaceutical, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-

owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant Par Pharmaceutical Companies, Inc. is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. are collectively referred to herein as "Par Pharmaceutical." Par Pharmaceutical was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Endo International plc, Par Pharmaceutical, Endo Health Solutions Inc., and Endo Pharmaceuticals Inc. are collectively referred to herein as "Endo." Endo manufactures, markets, sells, and distributes pharmaceutical drugs throughout the United States, including in the counties of Florida where Plaintiffs operate. Endo is registered to conduct business and/or conducts business in Plaintiffs' communities as a licensed wholesale pharmaceutical distributor. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.20  Defendant **Rhodes Pharmaceuticals L.P.** ("Rhodes Pharma") is a Delaware limited partnership with its principal place of business in Coventry, R.I. At all relevant times, Rhodes Pharma has marketed a generic form of OxyContin which is manufactured by Purdue Pharma L.P., a Delaware limited partnership, which is a subsidiary of Defendant Purdue, across the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.21    Defendant **Rhodes Technology, Inc.** ("Rhodes Tech Inc.") is a Delaware corporation formed on January 28, 1999 with its principal place of business in Coventry, Rhode Island. Rhodes Tech Inc. is a general partner of Rhodes Technologies. At all times relevant hereto, Rhodes Tech Inc. has manufactured and supplied Purdue with oxycodone, the active pharmaceutical ingredient in Oxycontin for use in the manufacture of pharmaceutical preparations or has managed Rhodes Tech or its predecessor in doing so, across the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.22    Defendant **Sandoz, Inc.** ("Sandoz") is a Colorado corporation with its principal place of business in Princeton, New Jersey. Sandoz manufactures, promotes, distributes, and/or sells opioids throughout the United States, including in the communities served by Plaintiffs. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.23    Defendant **SpecGx LLC** is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly-owned subsidiary of Mallinckrodt plc. Mallinckrodt plc, Avon, IMCERA, Tyco, Covidien, Mallinckrodt, LLC, SpecGx LLC, and their DEA registrant subsidiaries and affiliates are collectively referred to herein as "Mallinckrodt." Mallinckrodt is registered to conduct business and/or conducts business in Plaintiffs'

communities as a licensed wholesale pharmaceutical distributor. Mallinckrodt manufactures, markets, sells, and distributes pharmaceutical drugs throughout the United States, including the counties of Florida where Plaintiffs' operate and were injured. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.24  Defendant **West-Ward Pharmaceuticals Corporation**, now known as Hikima Pharmaceuticals, Inc. ("West-Ward"), is a Delaware corporation with its principal place of business located in Eatontown, New Jersey. West-Ward is a provider of oral, liquid, inhalant, and injectable branded and non-branded generic medicines. West-Ward is a manufacturer of generic prescription opioids, including many Schedule II controlled substances such as Oxycodone and Hydromorphone. West-Ward manufactures, markets, sells and/or distributes pharmaceutical drugs nationally and in Plaintiffs' communities. West-Ward is registered to conduct business and/or conducts business in Plaintiffs' communities as a licensed wholesale pharmaceutical distributor. This Court has subject matter jurisdiction over the claims against this defendant, and the Court possesses personal jurisdiction over the defendant because defendant purposely directed the alleged wrongdoing to the state of Florida and to the counties of Florida where the wrongdoing occurred and where Plaintiffs operate and were injured.

2.25  Upon information and belief, and bolstered by the common factual allegations incorporated from the *Summit County* Pleadings, the Plaintiffs maintain and allege that any previously named Defendant which did not appear in the ARCOS data and remains a party to this Amended and Supplemented Complaint purposely engaged in unlawful conduct to market,

sell, or distribute prescription opioids in the counties of Florida where Plaintiffs operate and were injured.

Additional Damages Allegation

2.26    The damages Plaintiff BIG BEND COMMUNITY BASED CARE, INC. has incurred, and will incur in the future, and for which compensation is due from the Defendants, include the cost to it for ensuring medical and mental health care for children born with challenges as a result of an opioid-addicted parent, and also the cost to it for ensuring the provision of other services to all children who require public medical or mental health care because of an opioid-addicted parent.

## COMMON FACTUAL ALLEGATIONS

3.    By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Doc. #: 1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4.    If additional claims are alleged below that were not pled in Plaintiffs Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached): **N/A**

## CLAIMS

5.    The following federal **RICO causes of action** asserted in the *Summit County*

Pleadings as identified in the Court's implementing order and any subsequent amendments, Doc. #: 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

**N/A.**

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

**N/A.**

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiffs Existing Complaint as has been amended herein.

Dated: March 16, 2019                                Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/  Christopher B. Hood
　　　　　　　　　　　　　　　　　　　　　　　Christopher B. Hood
　　　　　　　　　　　　　　　　　　　　　　　HENINGER GARRISON DAVIS, LLC
　　　　　　　　　　　　　　　　　　　　　　　2224 1st Avenue North
　　　　　　　　　　　　　　　　　　　　　　　Birmingham, AL 35203
　　　　　　　　　　　　　　　　　　　　　　　Tel: (205) 326-3336
　　　　　　　　　　　　　　　　　　　　　　　Fax: (205) 326-3332
　　　　　　　　　　　　　　　　　　　　　　　chood@hgdlawfirm.com

Nicholas W. Armstrong
Oscar M. Price, IV
PRICE ARMSTRONG, LLC
2226 1st Avenue South, Suite 105
Birmingham, AL 35223
Phone: 205.208.9588
Fax: 205.208.9598
oscar@pricearmstrong.com
nick@pricearmstrong.com

Ryan B. Hobbs
BROOKS, LEBOEUF, BENNETT, FOSTER & GWARTNEY, PA
East Park Avenue Tallahassee, Florida 32301
Phone: 850.222.2000
Fax: 850.222.9757
rhobbs@tallahasseeattorneys.com

*Attorney for Plaintiffs*